**1030**

Ernest E. MOSELEY, Plaintiff-Appellant,

v.

Walter J. HICKEL, Secretary of the Department of Interior, Defendant-Appellee.

MINERALS TRUST CORPORATION, Plaintiff-Appellant,

v.

Walter J. HICKEL, Secretary of the Department of Interior, Defendant-Appellee.

Jesse W. CRAWFORD, Plaintiff-Appellant,

v.

Walter J. HICKEL, Secretary of the Department of Interior, Defendant-Appellee.

Nos. 24696, 24706, 24707.

United States Court of Appeals, Ninth Circuit.

May 10, 1971.

Hale C. Tognoni (argued), of Tognoni & Pugh, Phoenix, Ariz., for appellants.

George R. Hyde (argued), Atty., Dept. of Justice, Richard K. Burke, U. S. Atty., Richard Alleman, Asst. U. S. Atty., Shiro Kashiwa, Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

After exhausting their administrative remedies, appellants sought review by the district court of a ruling that their mining claims and millsite claim were invalid. The district court denied their motions for summary judgment and granted the government's motion for summary judgment as to each action. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

Appellant Moseley is an airplane pilot who worked his claim part-time. Appellant Minerals Trust Corporation purchased the rights of Fairchild, who had acquired it by quit-claim deed and had lived on it. Appellant Crawford, an employee of the Bureau of Public Roads, works his claim on weekends.

Appellants contend that their evidence should have been given more credence than that of the government. None of the opinion testimony of appellants' expert witnesses indicated that there was actually and physically exposed within the limits of the claims a vein or lode of mineral-bearing rock in place, possessing in and of itself present or prospective value for mining purposes as required by law. The testimony of the government's expert witnesses was that none of the claims contained exposed veins which would justify the development, extraction, or permanent patents to claims on public lands. The Secretary chose to believe the government's experts who were examined at length and found to be well qualified mining engineers.

The basic issue below was whether the Secretary of the Interior's findings of fact were correct. However, in the absence of fraud, the decision of the Secretary on questions of fact is conclusive if supported by the record. Cameron v. United States, 252 U.S. 450, 464, 40 S. Ct. 410, 64 L.Ed. 659 (1920); Standard Oil Co. of California v. United States,

107 F.2d 402, 410 (9th Cir. 1940), cert. denied 309 U.S. 654, 773, 60 S.Ct. 469, 84 L.Ed. 1003; Henrikson v. Udall, 350 F.2d 949, 950 (9th Cir. 1965).

Since we find that the Secretary's decision was based on substantial evidence, summary judgment below was proper. Henrikson v. Udall, *supra.*

Appellants' other contentions are without merit. The decision of the district court is affirmed.